IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD LEE COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:21-cv-02526-LMM-RDC |

## GUIDELINES FOR DISCOVERY AND MOTION PRACTICE

The Court furnishes these guidelines for the convenience of the parties and counsel and to inform them of the Court's practices and procedures. The parties and counsel should adhere to these guidelines, which are intended to promote the just, speedy, and economical disposition of cases.

## GENERAL MATTERS

Attorneys and *pro se* litigants appearing in this Court in civil litigation must observe and comply with three sets of rules:

1. Federal Rules of Civil Procedure;
2. Local Rules of the Northern District of Georgia; and
3. The rules and practices of the District Judge.

# PRELIMINARY FILINGS

1. **Certificate of Interested Persons and Corporate Disclosure Statement** ("CIP"). In order for the district and magistrate judges of this Court to evaluate disqualification or recusal as a preliminary matter, attorneys for all non-governmental parties and *pro se* parties must file a CIP at their first appearance in the case. LR 3.3, NDGa. The plaintiff makes an appearance by signature on the complaint, and the defendant makes an appearance by filing an answer or motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. LR 83.1(D)(1), NDGa. An attorney also makes an appearance by filing a notice of appearance. *Id.*

2. **Initial Disclosures** ("ID"). The parties must, without waiting for a discovery request, file their ID within thirty (30) days of defendant's appearance by answer or motion. Fed. R. Civ. P. 26(a)(1); LR 26.1, NDGa.

3. **Joint Preliminary Report and Discovery Plan** ("JPRDP"). Counsel are required to file a JPRDP within thirty (30) days of defendant's appearance by answer or motion. LR 16.2, NDGa. *Pro se* litigants and opposing counsel may file separate statements. *Id.*

# DISCOVERY

1. **General Principles of Discovery**. Counsel and *pro se* litigants should be guided by courtesy, candor, and common sense, and comply with applicable rules and orders. In particular, counsel and *pro se* litigants should observe the restrictions

on the scope of discovery stated in Rule 26(b), the good faith obligations implicit in Rule 26(g), and the general requirements to confer prior to seeking guidance from the Court under Rule 26. Fed. R. Civ. P. 26(b), (g). Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

**2. Commencement**. The discovery period in this case commences thirty (30) days from the defendant's appearance by answer or motion, or if removed, thirty (30) days from removal if the defendant appeared by answer prior to removal. LR 26.2, NDGa.

**3. Timeliness**. The parties must comply with time limits specified in the rules and applicable orders. To be timely, discovery requests must be served sufficiently in advance (usually thirty (30) days) of the discovery deadline to provide the requested party time to respond. *See, e.g.*, Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). The discovery deadline (the end of the discovery period) is the last date to respond to discovery requests, unless specified otherwise by court order.

**4. Extensions of Time**. Motions for extension of time, including joint or consent motions, will not be granted as a matter of course. To be timely, a motion for extension of time should be filed before the applicable deadline. All motions for extension of time should explain, with specificity, the unanticipated or unforeseen

circumstances necessitating the extension and should provide a timetable for resolution of the issue for which the extension is sought.

Requests for extension of the discovery deadline must state: (1) the original (or, if previously modified, the current) discovery deadline date; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; (4) the reasons necessitating extension of the discovery period; and (5) whether the opposing party consents, and if not, the reasons given by the opposing party for refusing to consent. An unopposed or consent motion should be designated as a CONSENT motion.

**5.** **Amendments**. If a plaintiff seeks to amend the complaint after the time allowed for amendment as a matter of course in Rule 15(a)(1), the plaintiff must file a separate motion to amend. *See* Fed. R. Civ. P. 15(a)(1), (2); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). The plaintiff must also attach the proposed amendment or explain the substance of the amendment in the motion. *See* Fed. R. Civ. P. 7(b)(1)(B). Requests for amendment imbedded in an opposition memorandum will be denied. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009). Unless the motion is unopposed, the Court will grant a motion to amend after the time period allowed by the Court's scheduling order only if the plaintiff provides good cause. *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

**6.    Designation of Expert Witnesses and Reports**. The Local Rules require the disclosure of expert witnesses sufficiently early in the discovery period to allow for adequate time to depose the expert and to name and depose a rebuttal expert witness. *See* LR 26.2(C), NDGa. In accordance with this requirement, a party must disclose the identity and report of any affirmative expert witness—along with the other required disclosures designated in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure—not later than ninety (90) days before the close of the discovery period. Fed. R. Civ. P. 26(a)(2)(B), (D). The identity and report of any rebuttal expert witness must be disclosed not later than thirty (30) days before the close of the discovery period. Fed. R. Civ. P. 26(a)(2)(D)(ii).

**7.    Supplementing Discovery Responses**. The parties are required to supplement their initial disclosures and discovery responses if the disclosure or response was incorrect or incomplete. Fed. R. Civ. P. 26(e). The Court strongly encourages counsel and *pro se* litigants to ensure that, prior to close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures. Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses in consideration of dispositive motions and at trial.

**8.    Depositions**

a.    Scheduling. Barring extraordinary circumstances, opposing counsel and *pro se* litigants should consult with each other before a deposition is noticed for

the convenience the parties, counsel, and the witness. Concurrent depositions are not permitted in the absence of a stipulation or order.

    b.    Stipulations. When counsel or a party enter into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

    c.    Questioning. Questions should be brief, clear, and simple. The purpose of a deposition is not to harass or intimidate but to make a clear and unambiguous record of what that witness's testimony would be at trial.

    d.    Documents. Normally, except in the case of impeachment, a witness should be shown a document before being questioned about it.

    e.    Objections. Objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection. Fed. R. Civ. P. 30(c). In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under Rule 37(a)(2) and (4). Fed. R. Civ. P. 37(a)(2), (4). Speaking objections and other tactics used to coach a witness during the deposition may also be cause for sanctions. If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under Rule 30(d) or a motion to compel responses is warranted, counsel or the *pro se* party should promptly initiate

a conference call to the court with opposing counsel for a pre-motion conference to attempt to resolve the problem.

  f. Persons Attending Depositions. There is no restriction on who may attend a deposition unless the Court imposes a restriction by order. Generally, only one lawyer may conduct the particular deposition for each party.

  g. Expert Disclosures. The parties should consult Rule 26(b)(4). Fed. R. Civ. P. 26(b)(4). However, experts who are not prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

  h. Number of Depositions. The parties are expected to observe the limitations specified in Rules 26(b) and 30, in particular, to avoid unnecessary depositions. Fed. R. Civ. P. 26(b), 30.

**9. Interrogatories**

  a. Number and scope of Interrogatories. The parties should observe the limitations stated in Rules 26(b) and 33. Fed. R. Civ. P. 26(b), 33. Counsel's or a *pro se* party's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief, straight-forward, neutral, specific, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification or persons or documents, dates, places, transaction, and

amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable.

      b.      Responses. Rule 33(b) requires the respondent to produce whatever information is available, even if other information is lacking or an objection is made. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation, which may be specified in the response, and answer it in order to provide, rather than deny, information. Generally, the responding party is required to produce information only in the form in which it is maintained. If an answer references a document, either (1) attach it, or (2) make it available for inspection. Generalized cross-references, such as to a deposition, are not acceptable as an answer.

      c.      Objections. Unless a party moves for a protective order or raises an objection that the requested information is unduly burdensome or subject to privilege, requested information must be supplied, to the extent available.

      d.      Privilege. A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, the statement should specify the privilege asserted and include the date, title, description, subject, and purpose of the document, the name and position of the author, and the addresses of other recipients. In the case of a communication, the statement should include the privilege asserted and the date, place, subject and

purpose of the communication, and the names and positions of all persons present. *See* Fed. R. Civ. P. 26(b)(5).

10. **Requests for Production or Inspection**

    a.    Number and Scope of Requests. Although the Court has no standing limitation, the parties should consult the limitations stated in Rules 26(b) and 34. Fed. R. Civ. P. 26(b), 34. To the extent possible, requests should specify with particularity the title and description of documents or record requested. Information needed for specification can often be obtained by informal discovery, deposition, or interrogatory, if necessary. Argumentative or catch-all requests, such as "all documents which support your claims/defenses," are objectionable.

    b.    Responses. Materials should be produced either with labels identifying the specific requests to which they respond or in the manner in which they are kept in the ordinary course of business. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, or employing similar procedures do not meet the good-faith requirements of the rules.

    c.    Objections & Assertions of Privilege. *See supra* Paragraphs 8(c), (d).

11. **Requests for Admission**

    a.    Use of Requests. Requests for admission are an economical and efficient way of making a record of informal exchanges of information, stipulations, matters subject to judicial notice, and of narrowing issues. *See generally* Fed. R. Civ.

P. 36. The parties are encouraged to use requests for admission to reduce the scope of discovery and the number of issues to be decided at trial.

    b.    Form of Requests. Requests should be brief, clear, simple, addressed to a single point, and stated in neutral, non-argumentative words. Requests ordinarily should deal with only objective facts. They may be combined with interrogatories to ask for the factual basis of a claim or a denial.

    c.    Responses. Rule 36 requires that a response shall specifically deny a matter or set forth why the party cannot admit or deny, in detail. A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify the portion that is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before responding.

    d.    Objections & Assertions of Privilege. *See supra* Paragraphs 8(c), (d).

**12.    Discovery Disputes, Motions to Compel, and Protective Orders**

    a.    Signature Requirement. All discovery disclosures, requests, responses, and objections must be signed by at least one attorney or record or by a party, if proceeding *pro se*. Fed. R. Civ. P. 26(g)(1). In the case of discovery requests and responses, counsel and *pro se* parties are reminded that a signature certifies that the request or response is made reasonably, in good faith, and in an attempt to comply with applicable law. Fed. R. Civ. P. 26(g)(1)(B).

b. Duty to Confer. Counsel and *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute before the court. *See* Fed. R. Civ. P. 26(c), 37; LR37.1(A), NDGa. The duty to confer is NOT satisfied by sending a written document—such as a letter, e-mail, or fax—to an opposing party UNLESS repeated attempts to confer by telephone or in person are met without success due to the conduct of the opposing party.

c. Telephone conferences. If the parties are unable to resolve a discovery dispute informally, they should arrange a telephone conference with the court through the court's courtroom deputy.[1] If a telephone conference does not resolve the issue, the court will direct further proceedings. Generally, motions to compel or for a protective order should not be filed without a prior conference with the court.

d. Memoranda. If memoranda are submitted in support of or opposition to a discovery motion, they should comply with Local Rule 37.1 and be brief, focus on the facts of the particular dispute, and avoid discussion of general discovery principles. The court will disregard any generalized recitation of "historical" discovery disputes between the parties, "finger pointing," or disparaging remarks directed at opposing counsel or a party.

---

[1] Some delay in scheduling a telephone conference may occur because any conference requires the presence of a court reporter. Also, the court may request that, prior to the conference, parties jointly submit a short (i.e., two (2) double-spaced pages or less) providing a non-argumentative overview of the contested issues.

e. Sanctions. If sanctions are sought, a party must file a separate motion with a declaration and the appropriate documentation to support the amount requested. *See generally* Fed. R. Civ. P. 37.

f. Consent Protective Orders. The parties should clearly designate "CONSENT" on any protective/confidentiality motion or order that it is filed without opposition. However, even if the parties consent to the confidentiality of documents, the court will not approve protective orders that conflict with the court's view on the sealing of materials.

**13. Service**. The parties should serve interrogatories, requests for inspection, requests for admission, and answers and responses on opposing counsel or *pro se* party, not with the court. LR 26.3(A), NDGa. However, the party responsible for serving discovery material must file a certificate of service with the clerk, indicating the date of service. *Id.*

**14. Reference to Guidelines**. The court will follow these guidelines in resolving discovery disputes and imposing sanctions. Where these guidelines are silent, the parties should consult the default rules located in the Federal Rules of Civil Procedure, the Local Rules, and other applicable law.

IT IS SO **ORDERED** on this 15th day of July 2021.

_____
REGINA D. CANNON
United States Magistrate Judge