# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RONALD LEE COOPER,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; and TRANS UNION, LLC,<br><br>Defendants. | Civil Action No.:<br><br>1:21-cv-2526-LMM-RDC |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

This lawsuit is brought pursuant to the federal Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 et seq.  Plaintiff has alleged that he was improperly reported as deceased by each of the Defendants.  Plaintiff's complaint alleges that each Defendant failed to follow reasonable procedures to assure maximum possible accuracy and failed to conduct reasonable reinvestigations when Plaintiff's deceased status was disputed.  Defendants deny that they failed to comply with the FCRA.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Summary:**

Upon information and belief, Defendants were reporting inaccurate and incomplete account information. This caused Plaintiff significant damages such as being denied an auto loan on multiple occasions and extreme emotional distress.

**Equifax's Summary:**

Equifax Information Services, LLC ("Equifax") states that it needs to conduct discovery regarding Plaintiff's allegations and the facts of this case. At all relevant times herein, Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reporting concerning Plaintiff in accordance with the FCRA. Equifax has complied with the FCRA and any other applicable laws in its handling of Plaintiff's credit file, including responding to any disputes Plaintiff submitted to Equifax. Equifax denies that it is liable to Plaintiff, denies that he has been damaged, and denies that it proximately caused Plaintiff to suffer any damages.

**Experian's Summary:**

This is an action for damages brought by an individual consumer against Experian Information Solutions, Inc. ("Experian"), a consumer reporting agency as

defined by 15 U.S.C. § 1681a(f), for alleged violations of the FCRA. Experian denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian. Experian maintained reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff for the preparation of consumer reports. Experian's conduct has not been negligent or willful, nor has Experian acted with malice or a reckless or conscious disregard for the rights of Plaintiff. Plaintiff's claimed damages were not caused by Experian but by Plaintiff or by third parties. Experian bases this statement on the facts and information currently available to it. In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint, and because discovery has not yet commenced, Experian respectfully reserves the right to supplement its summary if necessary as this case and the facts develop.

(c) The issues to be tried are as follows:

**Plaintiff's Issues to be Tried:**

1. Whether Defendants published false information about Plaintiff to third

parties;

2. Whether Defendants negligently or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b);

3. Whether Defendants' actions in reporting Plaintiff have taken place in the conduct of consumer acts or practices; and

4. Whether Plaintiff has suffered damages as a result of Defendants' actions

**Defendants' Issues to Be Tried:**

**Defendant Equifax Information Services, LLC:**

1. Whether Plaintiff's Equifax credit file or any Equifax consumer report regarding Plaintiff contained an inaccuracy;

2. Whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff;

3. Whether Plaintiff disputed the accuracy of an item of information on his credit file and whether Equifax conducted a reasonable reinvestigation of any such dispute;

4. Whether Plaintiff has met his burden of proving a claim against Equifax for noncompliance with the FCRA or other applicable laws;

5. Whether Plaintiff suffered any damages proximately caused by any action or inaction of Equifax and whether Plaintiff is entitled to any damages (actual,

punitive, statutory, costs, and/or fees) from Equifax pursuant to the FCRA or other applicable laws.

**Defendant Experian Information Solutions, Inc.:**

1. Whether Plaintiff has stated any claims upon which relief may be granted;

2. Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

3. Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

4. Whether Plaintiff suffered any damage as a result of any actions or inactions of Experian;

5. Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;

6. Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

7. Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

8. Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and

9. Whether any party is entitled to costs or attorneys' fees.

    (d)    The cases listed below (include both style and action number) are:

        (1)    Pending Related Cases:

        None.

        (2)    Previously Adjudicated Related Cases:

        None.

**2.**    This case is complex because it possesses one (1) or more of the features listed below (please check): **For the reasons listed in section 10 below, this case is more complex than other FCRA matters.**

```
___   (1)   Unusually large number of parties
___   (2)   Unusually large number of claims or defenses
___   (3)   Factual issues are exceptionally complex
___   (4)   Greater than normal volume of evidence
_x    (5)   Extended discovery period is needed
___   (6)   Problems locating or preserving evidence
      (7)   Pending parallel investigations or action by the government
_x__  (8)   Multiple use of experts
___   (9)   Need for discovery outside United States boundaries
___   (10)  Existence of highly technical issues and proof
___   (11)  Existence of highly technical issues and proof
```

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiff:</u>**
Joseph P. McClelland
Law Firm of Joseph P. McClelland, LLC
545 N. McDonough Street, Suite 210
Decatur, GA 30030
404-725-0930 (Telephone)
joseph@jacksonlaws.com

**Equifax:**
Kearstin Harumi Sale, Esquire
Seyfarth Shaw LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
404-704-9614 (Telephone)
ksale@seyfarth.com

**Experian:**
Rebecca C. Reynolds
GA Bar No. 194180
JONES DAY
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
Telephone: 404.581.8825
E-Mail: rreynolds@jonesday.com
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

4. **Jurisdiction:**

   Is there any question regarding this Court's jurisdiction?

   ___Yes   _X_ No

   If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a)   The following persons are necessary parties who have not been joined:

   None.

   (b)   The following persons are improperly joined as parties:

None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**     **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

The parties do anticipate a supplement to the pleadings, and all parties reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable law.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.

**7.**     **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

    (a)    Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

    (b)    Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

    (c)    Other Limited Motions: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

If not already filed, the parties anticipate Initial Disclosures will be filed within 14 days.

**9. Request for Scheduling Conference:**

Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

**Parties' Joint Recommendation**: The parties respectfully request that the Court assign this matter to a 6-month discovery track. The parties ask that the Court designate this matter as complex for three primary reasons related to (i) case complexity, (ii) settlement efforts, and (iii) work from home issues.

First, deceased reporting cases involve complex factual and expert disputes that tend to be more intricate than other "run-of-the-mill" FCRA matters. Fact investigation in deceased reporting cases tends to be time-intensive as the parties assess issues of liability and damages. Third-party discovery is also not atypical, especially after the parties have engaged in written party discovery. The parties currently expect that they will identify and utilize multiple experts following fact discovery.

Second, and importantly, counsel for the parties are asking for a longer discovery schedule because we would like to continue exploring the possibility of early case resolution prior to beginning time-intensive and costly discovery. We are asking for an 8-month discovery track to allow us to continuing pursuing Rule 408 discussions without immediately launching into formal discovery.

Third, even though some parts of the country are emerging from COVID restrictions, some of the parties' attorneys and witnesses continue to work from home. Limitations on the "work from home" environment affect the ability to travel and pursue certain types of discovery. More generally, over the past 16 months we have learned that normal litigation tasks simply take longer to accomplish.

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:**

The facts and circumstances surrounding the allegations in Plaintiff's Complaint; Defendant's procedures for compliance to FCRA; Steps taken by Defendant to comply with FCRA; Third Party publications of subject content of Plaintiff's credit information by Defendant to third parties; All non-privileged documents contained in Defendant's files relating to Plaintiff; All persons with knowledge of the subject matter of this litigation; Discovery necessitated by discovery sought by Defendant; Plaintiff's credit history and usage; Communications between Plaintiff and his creditors or users; Third-party discovery; and any other information reasonably calculated to lead to admissible evidence.

**Defendant Equifax:**

At this time, Equifax foresees needing to conduct discovery regarding the following topics: Plaintiff's alleged damages, whether there is a causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Equifax or any action or inaction by Equifax, Plaintiff's financial and consumer history, any communications between Plaintiff and Equifax, any communications between Plaintiff and any other parties regarding the matters alleged in the Complaint, Plaintiff's failure to mitigate his alleged damages.  Equifax will need to take the deposition of Plaintiff.

**Defendant Experian:**

Based on what is presently known, Defendant Experian anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation contained in Plaintiff's Complaint; Plaintiff's alleged damages; whether any causal relationship exists between Plaintiff's alleged damages and any consumer reports issued, or any other action or inaction, by Experian; Plaintiff's financial and consumer history; any communications between Plaintiff and Experian; any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and discovery necessitated by discovery sought by Plaintiff.

11. **Discovery Limitations and Discovery of Electronically Stored Information:**

    (a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary e-mail address listed (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleadings of other papers by other authorized means.

The parties reserve the right to seek such orders should they become necessary.

    (b)    Is any party seeking discovery of electronically stored information?

        __X__ Yes         ____ No

If "yes,"

        (1)    The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

The parties agree to accept service of written discovery and other case documents via email.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for, scope and form of such a protective order, counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently

specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

13. **Settlement Potential:**

    (a)  Lead counsel for Plaintiff and Defendants certify by their signatures below that they conducted a telephonic Rule 26(f) conference that was held on July 30th, 2021, and that they or a duly-noted representative participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**: Lead counsel (signature):

/s/Joseph P. McClelland, Esq.
Joseph P. McClelland, Esq.
*Attorney for Plaintiff*


**For Equifax:** Lead counsel (signature):

/s/ Kearstin Harumi Sale
Kearstin Harumi Sale
*Attorney for Defendant*
*Equifax Information Services LLC*


**For Experian:** Lead counsel (signature):

/s/ Rebecca C. Reynolds
Rebecca C. Reynolds

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

    (b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

        ( X ) A possibility of settlement before discovery.
        ( X ) A possibility of settlement after discovery.
        (__) A possibility of settlement, but a conference with the judge is needed.
        (__) No possibility of settlement.

    (c)    Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

    (d)    The following specific problems have created a hindrance to settlement of this case.

    None at this time.

**14.**    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a)    The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 20__.

    (b)    The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Signatures:

*/s/* Joseph P. McClelland
Joseph P. McClelland, Esq.
Georgia Bar #483407
545 N. McDonough Street, Suite 210

Decatur, Georgia 30030
Telephone: (770) 775-0938
joseph@jacksonlaws.com
*Attorney for Plaintiff*


*/s/* Kearstin Harumi Sale
Kearstin Harumi Sale
Georgia Bar No. 650510
Esther Slater McDonald
Georgia Bar No. 649005
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
ksale@seyfarth.com
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
*Attorney for Defendant*
*Equifax Information Services LLC*


/s/ Rebecca C. Reynolds
Rebecca C. Reynolds
GA Bar No. 194180
JONES DAY
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
Telephone: 404.581.8825
E-Mail: rreynolds@jonesday.com
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RONALD LEE COOPER,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; and TRANS UNION, LLC,<br><br>Defendants. | Civil Action No.:<br><br>**1:21-cv-2526-LMM-RDC** |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the joint stipulation and time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____ 2021.

_____
THE HONORABLE DISTRICT JUDGE