IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD LEE COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:21-cv-02526-LMM-RDC |

## SCHEDULING ORDER

Upon review of the parties' Joint Preliminary Report and Discovery Plan (Doc. 21), the undersigned Magistrate Judge adopts the proposed deadlines for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement. This case will be set for trial after the Court has ruled on all dispositive motions and the parties file a proposed Consolidated Pretrial Order.

1. The discovery deadline in this case is **Monday, February 14, 2022**.[1]

---

[1] The Magistrate Judge's Guidelines for Discovery and Motion Practice (Doc. 16) is hereby incorporated by reference.

2. Any motions for summary judgment must be filed by **Wednesday, March 16, 2022**.

   a. Whenever a motion for summary judgment is filed, the non-moving party shall file a response to the moving party's "Statement of Undisputed Material Facts." In the response, the non-moving party shall respond to each numbered fact by number, admitting or denying the fact, and providing citations to the record to support any denial. The Court may deem any facts from the moving party's statement of facts as undisputed if the non-moving party does not refute those facts with citations to the record in its response. Fed. R. Civ. P. 56(c), (e); LR 56.1(B)(2), NDGa.

   b. If a party relies on an affidavit to its brief in support of a motion or response to a motion, the original of the affidavit must be filed as an exhibit to the brief. LR 56.1(C), NDGa.

   c. If a party references a deposition in its brief, the party shall (1) attach the referenced deposition pages as an exhibit to the brief and (2) file a copy of the entire deposition. *Id.*

   d. Absent **prior** written permission by the Court, no party may file a brief, whether in support of or in response to a motion, exceeding twenty-five (25) double-spaced pages in length, and no party may file a reply brief

exceeding fifteen (15) double-spaced pages. A party requesting an increase in the page length must file a motion prior to the due date for the brief. The briefs must be in compliance with the format and type requirements of Local Rule 5.1.

3. By local rule, the parties' proposed Consolidated Pretrial Order is due thirty (30) days after the close of discovery or after the District Court's final ruling on any motion(s) for summary judgment, whichever is later. LR 16.4(A), NDGa. However, in the exercise of this Court's inherent authority to manage its cases and docket, this Court will allow the parties to file their proposed Consolidated Pretrial Order by **Wednesday, March 23, 2022** if neither party files a motion for summary judgment.

Failure to comply with this Order may result in the imposition of sanctions, including, in extreme cases, dismissal of this action or entry of default. The Clerk is **DIRECTED** to re-submit this action to the undersigned by **March 25, 2022**, if the parties have not filed a motion for summary judgment or proposed Consolidated Pretrial Order.

IT IS SO **ORDERED** on this 7th day of September 2021.

_R. Cannon_
REGINA D. CANNON
United States Magistrate Judge